IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES TYRONE CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) NO. 3:16-cv-01513 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

### I. Introduction

Pending before the Court are Petitioner's Motion to Vacate, Set Aside or Correct Sentence in Accordance With 28 U.S.C. § 2255 (Doc. No. 1); Petitioner's supplemental briefs (Doc. Nos. 12, 13, 16, 19, 23), and the Government's Responses (Doc. Nos. 8, 14, 21). For the reasons set forth below, Petitioner's Motion (Doc. No. 1) is **DENIED**, and this action is **DISMISSED**.

### II. Petitioner's Criminal Proceedings

Petitioner pled guilty on August 8, 2007, before former Judge Robert L. Echols, to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. Nos. 1, 27, 28, 38 in Case No. 3:07cr00008). The guilty plea was not the result of a plea agreement between the parties. In the Presentence Investigation Report, the Probation Office determined Petitioner qualified for a 15-year mandatory minimum sentence as an Armed Career Criminal based on the following prior convictions: second-degree burglary of a dwelling in Williamson County, Tennessee in 1989; aggravated assault with a firearm in Davidson County, Tennessee in 1993; and conspiracy to distribute and possess with intent to distribute cocaine in federal district court for the Middle District of Tennessee in 1997. (Doc. No. 37 ¶ 18 in Case No. 3:07cr00008).

At the subsequent sentencing hearing, on December 10, 2007, Judge Echols agreed that Petitioner was an Armed Career Criminal and his sentencing guideline range was 180 to 188 months. (Doc. Nos. 33, 34, 35, 39 in Case No. 3:07cr00008). Judge Echols sentenced Petitioner to the mandatory minimum 15-year (180-month) sentence. (*Id.*) On appeal, the Sixth Circuit affirmed. (Doc. No. 40 in Case No. 3:07cr00008).

III. Analysis

A. Section 2255 Proceedings

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "'if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

2

rather than statements of fact.'" *Monea v. United States,* 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007)).

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish Petitioner is not entitled to relief on the issues raised.

B. Petitioner's *Johnson* Claim

Petitioner argues his sentence should be vacated based on the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). In *Johnson,* the Supreme Court held the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to be unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the italicized definition of "violent felony" as set forth below:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). The *Johnson* Court specifically explained its decision did not call into question the remainder of the Act's definition of "violent felony" or the definition of "serious drug offense" in the ACCA. 135 S. Ct. at 2563. In *Welch v. United States*, ___ U.S.___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

Petitioner argues that, in the absence of the residual clause, his prior convictions for second-degree burglary and aggravated assault no longer qualify as "violent felonies" under the ACCA, and he is no longer subject to the ACCA's 15-year mandatory minimum sentence. In its Response, the Government argues that Petitioner's prior conviction for second-degree burglary constitutes a "violent felony" under the definition's "enumerated offense" clause, and the aggravated assault conviction constitutes a "violent felony" under the definition's "use-of-force" clause.

As set forth above, the "enumerated offense" clause includes the crime of burglary. The Supreme Court has explained that in listing these crimes, Congress was referring to their "generic" versions. *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). In determining whether a prior conviction fits within the generic version of one of the enumerated offenses, courts are to use the "categorical approach," which focuses on the statute defining the offense rather than the facts underlying the prior conviction. *Id.* If the statute "sets out a single (or 'indivisible') set of elements to define a single crime," then the court simply compares those elements to the elements of the generic offense to see if they match. *Id.* If the elements of the statute include a wider range of conduct than the generic offense, the prior conviction cannot count as an ACCA predicate. 136 S. Ct. at 2248-49.

If a statute is "divisible," in that it lists elements in the alternative to define multiple crimes, however, courts are to use the "modified categorical approach." *Id.*, at 2249. Under that approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (*citing Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005)). Once the crime of conviction is determined, the court can then make the comparison of elements required by the categorical approach. *Id.*

At the time Petitioner was convicted of second-degree burglary in July 1989 (Doc. No. 12-1, at 9), the statute under which he was convicted defined "burglary in the second degree" as "the breaking and entering into a dwelling house or any other house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging either permanently or temporarily and whether as owner, renter, tenant, lessee or paying guest, by day, with the intent to commit a felony." Tenn. Code Ann. § 39-3-403(a) (1982) (repealed November 1989). *See United States v. Jones,* 673 F.3d 497, 505, 2012 WL 716450 (6th Cir. 2012). Petitioner argues this statute is broader than generic burglary because the "entry" required under the statute may be made by "the slightest penetration of the building by any part of a person's body, such as a hand or finger *or by an instrument held in the hand* when it was done with the intent to commit a felony." (Doc. No. 19, at 2 (quoting *State v. Brummitt,* 1988 WL 53327, at *2 (Tenn. Crim. App. May 25, 1988)). Generic burglary, according to Petitioner, requires a more significant entry. The Government argues the Tennessee statute is no broader than the generic definition of "entry" for purposes of second-degree burglary.

In a case decided in 2012, the Sixth Circuit held the same version of the statute at issue here was at least as narrow as generic burglary. *United States v. Jones,* 673 F.3d 497, 505 (6th Cir.

5

2012).[1] Although the defendant in *Jones* did not raise an argument about the broad construction of the term "entry" by Tennessee courts, that issue was recently considered and rejected by Judge Aleta A. Trauger of this Court. In *United States v. Buie,* 2018 WL 5619335 (M.D. Tenn. Oct. 30, 2018), Judge Trauger surveyed other states' decisions defining the term "entry" for purposes of their burglary statutes, and concluded that a majority of jurisdictions define the term in a similar fashion. *Buie,* 2018 WL 5619335, at 5-6. Consequently, she explained, Tennessee's interpretation is no broader than the generic definition:

> Because a majority of jurisdictions define 'entry' for purposes of their burglary statutes at least as broadly as Tennessee does, it is axiomatic that the definition employed in Tennessee should satisfy the entry element required by the 'generic'

---

[1] In reaching its decision, the court explained:

> Burglary is an offense enumerated in clause (ii) of the 'violent felony' definition. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court, however, has read this enumerated example to mean a 'generic burglary,' which the Court defined as 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.' *Taylor v. United States,* 495 U.S. 575, 599, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990). In states which define burglary more broadly, such as by including entry into cars and boats, a burglary conviction is ordinarily not a violent felony under the ACCA. *Shepard v. United States,* 544 U.S. 13, 17, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005). In 1986, the Tennessee second degree burglary statute defined 'burglary in the second degree' as 'the breaking and entering into a dwelling house or any other house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging ... with the intent to commit a felony.' Tenn. Code Ann. § 39-3-403 (1982) (repealed 1989). Unlike Tennessee's current burglary statute, the 1986 statute did not apply to motor vehicles and boats. *See* Tenn. Code Ann. § 39–14–402(4) (2012) (including nonconsensual entry into 'any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle'). The pre-1989 statute was at least as narrow as the *Taylor* court's definition of generic burglary, because it applied only to dwellings and occupied buildings. So the statute under which Defendant was convicted was a generic burglary statute. Because Tennessee's second degree burglary statute fits within the enumerated offenses in § 924(e)(2)(B)(ii), Defendant's burglary conviction counts as a "violent felony."

697 F.3d at 505.

version of the crime. That conclusion is bolstered by the fact that, despite the breadth of the definitions of 'entry' used by different jurisdictions around the country, none of the Supreme Court's or appellate courts' ACCA opinions considering whether a particular burglary constitutes an ACCA predicate has focused on the definition of 'entry,' even though it is well established that 'breaking and entering' are elements of the generic form of burglary.

*Id.*, at *7.

This Court finds Judge Trauger's reasoning to be persuasive. Petitioner has not shown the definition used by Tennessee courts was a minority view, and therefore, the Court concludes it is no broader than the generic definition. *See Quarles v. United States,* 2019 WL 2412905, at *4 (June 10, 2019) (determining generic definition of "remaining-in" burglary by considering interpretations used by a majority of states).

Petitioner also argues that, in the absence of the residual clause, his prior conviction for aggravated assault no longer qualifies as a "violent felony" under the ACCA. The Government argues the offense constitutes a "violent felony" under the definition's "use-of-force" clause.

As described above, the "use-of-force" clause includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined the term "physical force," as used in this clause, as "violent force – that is, force capable of causing physical pain or injury to another person." *[Curtis] Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010). *See also United States v. Southers,* 866 F.3d 364, 366 (6th Cir. 2017).

In determining whether a prior conviction satisfies this definition, courts are to use the "categorical approach," described above. *See, e.g., Taylor v. United States,* 495 U.S.575, 600, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990). At the time of Petitioner's offense,[2] Tennessee Code

---

[2] Although the Judgment for this conviction is dated October 7, 1993, the Indictment charges

7

Annotated Section 39-13-102(a) defined the crime of aggravated assault as follows:

> (a) A person commits aggravated assault who:
>
> (1) Commits an assault as defined in § 39-13-101 and:
>
> (A) Causes serious bodily injury to another; or
>
> (B) Uses or displays a deadly weapon; or
>
> (2) Being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault described in subsection (a); or
>
> (3) After having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102(a) (1990). Tennessee Code Annotated Section 39-13-101 defines assault as follows:

> (a) A person commits assault who:
>
> (1) Intentionally, knowingly or recklessly causes bodily injury to another;
>
> (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
>
> (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

Tenn. Code Ann. § 39-13-101. *See Davis v. United States,* 900 F.3d 733, 736-37 (6th Cir. 2018).

Petitioner argues that a conviction for aggravated assault under this statute does not satisfy

---

that the offense occurred on January 19, 1990. (Doc. Nos. 8-1, at 4; 8-3). The Tennessee aggravated assault statute was amended effective April 29, 1993. 1993 Tenn. Pub. Acts ch. 306. For purposes of analysis here, the Court assumes the Indictment charged a violation of the 1990 version of the statute, the one in effect at the time of the offense.

the "use-of-force" clause because it can be based on reckless conduct, and because it does not require strong physical force.

In *United States v. Cooper*, 739 F.3d 873, 880 (6th Cir. 2014), the Sixth Circuit considered whether aggravated assault under Tennessee law constitutes a "crime of violence" for purposes of the Career Offender sentencing guideline. The court analyzed a later version of the applicable statute, Tenn. Code Ann. § 39-13-102, and determined that because the statute encompassed both intentional and reckless conduct, it was necessary to apply the modified categorical approach to determine whether the crime satisfied the definition.[1] 739 F.3d at 877-880.

In subsequent opinions, the Sixth Circuit applied *Cooper's* modified categorical approach to reach the conclusion that intentional aggravated assault by use of a deadly weapon, under Tenn. Code Ann. § 39-13-102, satisfies the definition of "violent felony" under the ACCA's use-of-force clause. *See United States v. Braden,* 817 F.3d 926, 931-33 (6th Cir. 2016) (Section 39-13-102 "is a divisible statute, and therefore, the modified categorical approach is applicable."); *United States v. Joy*, 658 F. Appx 233, 236 (6th Cir. July 29, 2016); *Campbell v. United States,* 2017 WL 4046379 (6th Cir. Mar. 22, 2017). In more recent cases, the Sixth Circuit has held that *reckless* aggravated assault involving the use or display of a deadly weapon under this statute also qualifies as a "violent felony" under the ACCA's use-of-force clause, eliminating the need to determine which *mens rea* underlies the conviction. *See, e.g., Davis v. United States,* 900 F.3d at 736; *United States v. Phillips,* ___ Fed. Appx. ____, 2019 WL 1568708 (6th Cir. Apr. 11, 2019) (holding reckless aggravated assault with a deadly weapon under Tennessee statute qualifies as "violent felony"

---

[1] In *Cooper*, the government conceded that the crime did not *categorically* qualify as a crime of violence under either the use-of-force clause or the residual clause, and the court concluded that the crime did not *categorically* satisfy the enumerated-offense clause. *Id.*, at 879.

under the ACCA use-of-force clause); *see also United States v. Verwiebe,* 874 F.3d 258, 261 (6th Cir. 2017) (explaining that assault using indirect force that causes serious bodily injury, such as poisoning, involves violent force sufficient to satisfy the use-of-force clause).

The Government has filed the state court documents for Petitioner's aggravated assault conviction. The aggravated assault charge appears in Count Two of the Indictment, which alleges Petitioner "intentionally, knowingly, or recklessly" caused "bodily injury to Loretha Corder by the use of a deadly weapon, to wit: a gun," on January 19, 1990, in violation of Tenn. Code Ann. § 39-13-102. (Docket No. 8-1, at 4). The Judgment indicates Petitioner pled guilty to aggravated assault as charged in Count Two, and that the conviction was a Class C felony. (Docket No. 8-3). Petitioner's conviction involved the use of a deadly weapon. Therefore, under Sixth Circuit case law, even if it was done recklessly instead of intentionally, it still qualifies as a violent felony under the use-of-force clause.[3]

Having determined Petitioner's second-degree burglary and aggravated assault convictions satisfy the definition of "violent felony" under the ACCA's enumerated offense clause and use-of-force clauses, respectively, the Court concludes that Petitioner remains an Armed Career Criminal without regard to the residual clause invalidated by *Johnson.*

IV. Conclusion

For the reasons set forth above, the Court concludes Petitioner's request for Section 2255 relief is without merit. Accordingly, Petitioner's motion to vacate is denied, and this action is

---

[3] The Court also notes that nothing in these documents suggest the conviction implicated the other variants of aggravated assault set forth in the statute, which involve either a victim protected by a court order or the failure to protect a child from aggravated assault. Tenn. Code Ann. § 39-13-102(a) (2), (3). *See Davis,* 900 F.3d at 736-37 (consulting *Shepard* documents to determine the petitioner was not charged with these variants).

10

dismissed.

If Petitioner gives timely notice of an appeal from the Court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE